UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMICK F. WATTS, | No. 2:15-cv-2199 KJN P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee and consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises four claims in his petition, but states that his fourth claim, which alleges a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963), is pending in state court.  It appears that the Sacramento County Superior Court denied petitioner's Brady claim on September 21, 2015.  (ECF No. 1 at 3.)  The instant petition does not indicate in which state court the claim remains pending.

After reviewing the petition, the court finds that petitioner has failed to exhaust state court remedies as to his fourth claim.  As set forth above, this court may not address the merits of a petition for writ of habeas corpus unless petitioner has exhausted state court remedies with respect to each of his federal claims.  Rose, 455 U.S. at 509; 28 U.S.C. § 2254(b)(1).  However, a habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court.  Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas

action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at

1    1024.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable

2    component of the Rhines test," and that although "a bald assertion cannot amount to a showing of

3    good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,

4    will."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

5         Second, the court may also stay a petition setting forth only exhausted claims, to permit

6    exhaustion of additional claims with the intention that they will be added by amendment

7    following exhaustion.  King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at

8    1063).  If the petition currently on file was fully exhausted, petitioner could seek a stay-and-

9    abeyance order to exhaust claims not raised in that federal petition under Kelly.  However, the

10   Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to

11   amend his unexhausted claims back into his federal petition once he has exhausted them only if

12   those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be

13   problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.  If a

14   petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include

15   them only if they share a "common core of operative facts" with the claims in the original federal

16   petition.

17        Unless petitioner seeks to stay this action, the court must dismiss the unexhausted claim

18   and proceed solely as to the three exhausted claims.  If petitioner seeks to choose the Rhines

19   approach, he must file a motion for stay and address the three Rhines conditions set forth above.

20   If petitioner seeks to stay this action under Kelly, petitioner must submit an amended petition

21   along with his renewed motion for stay, taking care to raise only exhausted claims.[2]

22        Petitioner is admonished that if he fails to respond to this order, the court will dismiss

23   petitioner's unexhausted claim without prejudice, and this action will proceed solely on the

24   exhausted claims.[3]

---

[2] The Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims.  King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005).

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any

1    In accordance with the above, IT IS HEREBY ORDERED that within forty-five days
2 from the date of this order, petitioner shall file a motion for stay. If petitioner seeks to stay this
3 action under Rhines, he must address the three Rhines conditions set forth above. If petitioner
4 seeks to stay this action under Kelly, petitioner must also submit an amended petition, raising
5 only exhausted claims. Failure to file a motion for stay in compliance with this order will result
6 in an order dismissing petitioner's unexhausted claim, and this action will proceed solely on
7 petitioner's exhausted claims.

Dated: November 23, 2015

watt2199.sty.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

   Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

5