UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMICK F. WATTS, | No. 2:15-cv-2199 KJN P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On December 17, 2015, petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). As set forth below, petitioner's motion is granted.

Petitioner concedes that he has not exhausted state court remedies as to his fourth claim, alleging a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963) ("Brady"). Petitioner's first three claims were exhausted on direct appeal. Petitioner now seeks to stay and abey the habeas petition while petitioner exhausts the Brady allegations in the fourth claim in the state courts. Petitioner's state habeas petition raising the Brady claim is pending in the state appellate court, and petitioner states he will file in the California Supreme Court as soon as the state appellate court issues its ruling. (ECF No. 6 at 1.)

1

According to petitioner, he did not become aware of the Brady claim until his family hired a private investigator who allegedly discovered that the prosecution failed to turn over all Brady material to defense counsel during petitioner's trial. Petitioner contends he did not intentionally delay pursuing this claim.

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). The instant petition appears to be a "mixed petition," containing both exhausted and unexhausted claims. Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[1] The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

In early 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78. . . . The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278. . . ).

---

[1] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

> Similarly, our cases on the meaning of good cause under <u>Rhines</u> are also sparse. In <u>Jackson v. Roe</u>, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." <u>Id.</u> at 661-62. In <u>Wooten v. Kirkland</u>, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. <u>Id.</u> at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. <u>Id.</u>

<u>Blake v. Baker</u>, 745 F.3d 977, 981-82 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." <u>Id.</u> at 982. The Ninth Circuit concluded that the <u>Rhines</u> standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). <u>Blake</u>, 745 F.3d at 983-84.

Here, petitioner identifies a claim that allegedly derives from newly-discovered evidence from the private investigator, specifically, that <u>Brady</u> material was wrongfully withheld from the defense.

The Ninth Circuit recently reiterated that "[w]here a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it, the state courts must be given an opportunity to consider the evidence." <u>Quezada v. Scribner</u>, 2015 WL 1347217 (9th Cir. 2015) (internal quotation and citation omitted); <u>Leonardos v. Buddress</u>, 2007 WL 1174825, *3 (N.D. Cal. Apr. 19, 2007) (new evidence was allegedly suppressed by the prosecution which cannot be attributable to Leonardos, warranting a finding of good cause); <u>Lugo v. Kirkland</u>, 2006 WL 449130 (N.D. Cal. Feb. 22, 2006) (district court found good cause existed, in part, based on new evidence only recently uncovered once new counsel commenced his investigation). Petitioner's alleged newly-discovered evidence demonstrates that good cause exists for the <u>Rhines</u> stay.

////

1    Moreover, this court confirmed that petitioner's state habeas petition was pending in the
2    California Court of Appeal for the Third Appellate District, Case No. C080898, at the time
3    petitioner filed his motion. California Courts, < http://appellatecases.courtinfo.ca.gov>, visited
4    January 26, 2016. The petition was denied by the appellate court on January 7, 2016, and
5    petitioner filed his state petition in the California Supreme Court on January 20, 2016, in Case
6    No. S232008. Thus, granting petitioner the stay will not unduly delay resolution of petitioner's
7    habeas claims.

8    For all of these reasons, the court finds that petitioner has shown good cause to issue a
9    stay under Rhines, 544 U.S. at 278. In view of the limited record before the court at this stage of
10   the proceedings, this court cannot conclude that petitioner's unexhausted claim is plainly without
11   merit. If petitioner can prove his allegations, a court could find that his constitutional rights were
12   violated by the withholding of Brady material from the defense. See Rhines v. Weber, 408
13   F.Supp.2d 844, 851 (D. S.D. Dec. 19, 2005) ("nothing in the record to indicate that Rhines'
14   allegations of ineffective assistance of counsel are frivolous."). Moreover, under comity, this
15   court should defer to the state court to have the initial opportunity to correct the alleged
16   constitutional deprivations. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose, 455
17   U.S. at 518; Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988). Further, it does not appear
18   that petitioner intentionally engaged in dilatory litigation tactics. Indeed, petitioner is
19   expeditiously exhausting his state court remedies as to the Brady claim.

20   District courts must "place reasonable time limits on a petitioner's trip to state court and
21   back." Rhines, 544 U.S. at 278. While the court grants petitioner's motion for stay, petitioner is
22   cautioned that he must not unreasonably delay his efforts to exhaust the Brady claim in the state
23   courts. See Evans v. Chavis, 546 U.S. 189, 193-94 (2006) (while some states permit a thirty to
24   sixty day delay, a six month delay between a ruling from a lower state court and the filing of the
25   petition in the next higher state court is presumptively unreasonable.) Petitioner should diligently
26   exhaust his state court remedies as to the Brady claim, and promptly seek to lift the stay once the
27   California Supreme Court rules on the claim.
28   ////

4

Therefore, petitioner's motion for stay is granted. Petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving his <u>Brady</u> claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (ECF No. 6) is granted;

2. Petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's <u>Brady</u> claim; and

3. The Clerk of the Court is directed to administratively terminate this action.

Dated: January 27, 2016

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/watt2199.sty.g