UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMICK F. WATTS, | No. 2:15-cv-2199 MCE KJN P |
| Petitioner, | |
| v. | ORDER |
| DAVID BAUGHMAN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On September 19, 2017, petitioner's supplemental petition for writ of habeas corpus, raising a new ineffective assistance of counsel claim based on an allegedly suggestive photo array, was filed in this action pursuant to an order in Watts v. Baughman, No. 2:17-cv-1915 CKD (E.D. Cal.). It is established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

Here, respondent previously filed an answer to the prior petition. Therefore, petitioner may not amend as of right, but must be granted leave to amend by the court unless respondent consents in writing to the amendment. Fed. R. Civ. P. 15(a)(2); see also Bria v. Curry, 2009 WL 2423480 (E.D. Cal. Aug. 5, 2009) ("District courts have discretion to decide whether a motion to amend should be granted," citing Woods, 525 F.3d at 889.)

1

Moreover, it appears that the new claim may not be exhausted.  Petitioner does not address the issue of exhaustion in his supplemental petition.  Petitioner was previously granted a stay under Rhines v. Weber, 544 U.S. 269 (2005), to exhaust state court remedies in connection with petitioner's Brady claim.  (ECF No. 7.)  In that order, the court informed petitioner of the requirements for obtaining a stay under Rhines, as well as the second procedure for a stay under Kelly v. Small, 316 F.3d 1063 (9th Cir. 2003).  (ECF No. 7 at 2-3 & n.1.)  Thus, if petitioner has not exhausted his state court remedies in connection with his new claim, petitioner shall also file a motion for stay, addressing the elements set forth in the January 28, 2016 order.  (ECF No. 7.)  If petitioner has exhausted his new claim, the motion for stay is not required, but he should confirm such exhaustion in his motion to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, petitioner shall file a motion to amend and, if appropriate, a motion for stay, and shall address whether or not he has exhausted his proposed new claim; and

2. Respondent's opposition to such motions shall be filed fourteen days thereafter; petitioner's reply, if any, shall be filed fourteen days after the opposition is filed.

Dated:  May 2, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/watt2199.mta